IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Timothy S. Bailey and Christine C. Bailey, <br><br> Plaintiffs, <br> V. <br><br> Terry A. Finger, Thomas L. Brooks and Finger, Melnick, Brooks & LaBruce, P.A <br><br> Defendants. | Case No: 9:21-cv-04123-DCN <br><br> **COMPLAINT** <br><br> **1. LEGAL MALPRACTICE** <br> **2. UNFAIR TRADE PRACTICES** |

Plaintiff's. Timothy and Christine Bailey, complaining of the Defendants, Terry A. Finger, Thomas L. Brooks, and Finger, Melnick, Brooks & LaBruce, P.A. would respectfully show unto this court as follows:

## PARTIES

1. Plaintiff, Timothy S. Bailey is a resident of Guilford County, North Carolina.

2. Plaintiff, Christine C. Bailey is a resident of Guilford County, North Carolina.

3. Defendant, Terry A. Finger, is, upon information and belief, a citizen and resident of Beaufort County, South Carolina and is a lawyer licensed to practice law in South Carolina.

4. Defendant, Thomas L. Brooks, is, upon information and belief, a citizen and resident of Beaufort County, South Carolina and is a lawyer licensed to practice law in South Carolina.

5. Defendant Finger, Melnick, Brooks & LaBruce, P.A., is, upon information and belief, a professional association/corporation organized and existing under the laws of South Carolina.

## JURISDICTION

6. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332 in that the Plaintiffs seek to recover a sum our value in excess of $75,000, and the Plaintiffs are citizens of a foreign state and Defendants are citizens of a different foreign State.

7. Based upon the acts, actions and occurrences set forth herein, this Court has personal jurisdiction over the Defendants based on their residence and domicile in South Carolina and/or based on their commission of tortious acts in South Carolina against Plaintiffs as further stated below.

## VENUE

8. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(1) in that this action was commenced in the judicial district in which at least one of the Defendants resides, and, upon information and belief, all of the Defendants are either residents of South Carolina and/or their principle place of business is located in Beaufort County, South Carolina.

9. Venue is judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) in that this action was commenced in the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## SUMMARY OF THE CASE/FACTS

10. This action centers upon the conduct of the Defendant lawyers, Terry A. Finger, Thomas L. Brooks and their law firm Finger, Melnick, Brooks & LaBruce, P.A. by using their fiduciary capacity as the Plaintiff's legal representatives.

11. The Defendants are engaged in the practice of law.

12. The Defendant's website advertises that they are "Lawyers serving the Lowcountry for Over 25 years."

13. The Defendants also advertise the following:

"…is a full-service law firm located on Hilton Head Island, South Carolina, which boasts a roster of talented and highly skilled legal professionals.

The Firm has a wide range of experience in order to serve all of your needs including Personal Injury Cases, **_Civil Litigation, Residential and Commercial Real Estate Development and Transactions_**, Homeowner Association and Property Ownership Issues, Business Formation, Construction Law, Criminal Law, Municipal Law and Will and Estate Planning.

In an era where top-notch service and a "client comes first" approach seem to be the exception rather than the rule, our objective is to provide a personal touch to every case **_by listening carefully to our clients and representing their legal requirements._**

Our firm represents individuals and small businesses for all their needs, including Civil Litigation, Personal Injury Cases, Estate Planning, Construction Law, **_Residential and Commercial Real Estate_** and Community Associations.

Besides serving clients in the Lowcountry of South Carolina, our attorneys represent individuals and businesses throughout the state."

14. On or about February 18, 2021 Defendants, via written letter, confirmed that the Plaintiffs had engaged their services for the potential sale of their primary residence located at 68 Lexington Drive, Bluffton, South Carolina.

15. The February 18, 2021 letter from Defendants to Plaintiffs represented that "We will be happy to assist you with **_all_** your legal needs."

16. In addition to paragraph 15 above, the Defendants engagement confirmation-letter specifically represented to Plaintiff that they would "reconcile the **_financial aspects of the transaction, …clearing unusual title problems_** " and that they would "provide copies of all your documents as part of your closing."

17.     On or about March 11, 2021, after a contract to sell Plaintiffs primary residence was executed, a foreign judgment was domesticated against Plaintiff in Beaufort County in the amount of $2,162,598.17.

18.     On Tuesday March 16, 2021 Plaintiff, Timothy Bailey, after a discussion with Defendant, Thomas Brooks, emailed Wendy Habersham an employee of Defendants to inform her of his discussion with Defendant Brooks, let her know of the recently domesticated foreign judgment, that he was aware that the judgment creditor may want to the equity in the Plaintiff's primary residence above their full and protected Homestead exemption, for **full satisfaction** of their judgment.

19.     The same March 16, 2021 email from Plaintiffs to Defendants expressly asserted that it was Plaintiff's understanding that they were entitled to a Homestead Exemption of "I think $65,000 each for a total of $130,000' rather than the $50,000 each Defendants cited them.

20.     At the time of Defendants representation of Plaintiffs, Plaintiffs were entitled to a combined Homestead Exemption pursuant to S.C. Code 15-41-30(A)(1)(1) of $126,475.

21.     On April 14, 2021 Defendants emailed Plaintiffs to alert them that they heard from the buyers attorney that the title company would not insure title without a release of the $2 million + domesticated foreign judgment and that Defendant, Terry Finger, had written to the judgment creditor's attorney and placed a call to said attorney but had not received a reply.

22.     On April 16, 2021 Defendant Brooks emailed the judgment creditor's attorney apologizing for missing her call and to inform her that "[t]he proposed closing statement shows that they will net approximately $294,000 after payoff of their mortgage and customary closing costs. …**we** propose that Mr. and Mrs Bailey are entitle to their homestead exemption of $50,000

each." As alleged in paragraph 20 above, the Plaintiffs were entitled to a combined Homestead exemption of $126,475 ($63,237.50 each) not $50,000 each.

23.     The April 16, 2021 email goes on to say that the judgment creditor would receive the net proceeds ($294,000 minus $100,000 homestead exemption) of approximately $194,000 for a partial release of the judgment attached to the property. Plaintiffs were never informed of this proposal nor did they consent to or approve such proposal.

24.     On June 14, 2021 undersigned both emailed and mailed, via first class mail, a letter of representation to Defendants along with a request for the Plaintiffs complete and entire file.

25.     The next day, June 15, 2021 Defendant, Terry Finger, emailed a copy of part of the file request to undersigned. He represented to undersigned that he handled the domesticated foreign judgment and that Defendant Brooks had handled the closing and that he would be sending undersigned that part of the Plaintiffs file.

26.     Also on June 15, 2021 undersigned received an email from Defendant, Thomas Brooks, that he would mail be a copy of the file since it was too large to email.

27.     On June 21, 2021 undersigned emailed Defendants thanking them for both emailing and mailing the file and further asked "please kindly confirm that what you sent me is your entire file relating to the sale of 68 Lexington Drive pursuant to my letter to you dated June 14, 2021. Thank you in advance." Defendants have not respond to that request.

28.     Nowhere in the Plaintiffs file that was provided to undersigned does it contain any evidence that Plaintiffs were informed, agreed to or approved the existence of a judgment continuing against them after the sale of their primary residence. Defendants made an offer and/ or accepted an offer without the knowledge or consent of the Plaintiffs.

29. At all times Plaintiffs were informed and believed that any monies paid to the judgment creditor at closing would be in exchange for full satisfaction and release of the judgment.

30. Had the Plaintiffs been aware that any monies paid at closing would not have fully satisfied the judgment, they would not have agreed to continue the closing and sell their primary residence.

31. On April 19, 2021 Defendant Brooks emailed Plaintiffs and informed them that he had still not heard back from the judgment creditors attorney on settling the release of the judgment. Within approximately an hour and a half after receiving that email, Plaintiffs responding by writing "Tom, I do not understand the problem! If they want part of the equity that is fine but we should get what is protected by S C Law....When you and Terry figure things out please mail me the $130,000 to..."

31. Furthermore, on the same day, April 19, 2021 after Plaintiffs, again, expressly mentioned the amount of the Homestead Exemption they believed they were entitled to, Defendant, Terry Finger, emailed Plaintiffs that his "distinct recollection is the Homestead exemption is $50,000 per person."

32. By letter dated April 26, 2021 Defendants advised Plaintiffs of the completed closing of their primary residence located at 68 Lexington Drive, Bluffton South Carolina.

33. Subsequent to the closing, Plaintiffs did not revive the full Homestead Exemption they were entitled to. Rather, they only received $100,000.

34. Also subsequent to closing, the judgment creditor received $194,482.27 for only partial satisfaction of their judgment without Plaintiffs knowledge or consent rather than for full satisfaction of the judgment.

35.  On or about May 6, 2021 the judgment creditor filed with the Court of Common Pleas in case No. 2021-CP-07-00448 a Partial Satisfaction of Judgment with an approximate remaining balance of $1,968,115.90.

36.  After the closing and disbursement of funds, Plaintiffs, once again, on May 28, 2021 emailed Defendants and requested the balance of the Homestead Exemption in which they were entitled and further expressed their outrage at learning that the judgment creditor had not been fully satisfied as that was there understanding.  In response to Plaintiffs email, Defendant, Terry Finger, attached SC Code 15-41-30.  He asserted that the attached statute only gives a homestead exemption of $50,000 each for a total of $100,000 "and that is what we obtained for you.  If you have a SC attorney that feels that there is a different number, I will be happy to talk to them."

37.  SC Code 15-41-30, in which Defendants cited and attached for Plaintiffs review reads, in part, as follows:

(B) Beginning on July 1, 2008, and each even-numbered year thereafter, each dollar amount in subsection (A), items (1) through (14), immediately before July first, must be adjusted to reflect the change in the Southeastern Consumer Price Index, All Urban Consumers, as published by the Department of Labor, Bureau of Labor Statistics, for the most recent year ending immediately before January first preceding July first, and to round to the nearest twenty-five dollars, the dollar amount that represents this change. No later than March first of each even-numbered year, the Economic Research Division of the Revenue and Fiscal Affairs Office shall publish in the State Register the dollar amounts that will become effective on July first of each even-numbered year.

38.  Upon information and belief, Defendants continue to practice law under the laws of South Carolina.

## FOR A FIRST CAUSE OF ACTION

**LEGAL MALPRACTICE/PROFESSIONAL NEGLIGENCE AS TO ALL DEFENDANTS**

39.  The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

40.  At all times relevant hereto, a client-lawyer relationship existed between Defendants and Plaintiffs.

41. By virtue of their client-lawyer relationship, Defendants were required to render services with the degree of skill, care, knowledge and judgment usually possessed and exercised by members of the profession. Defendants owed professional duties to Plaintiffs, including the duty to communicate, protect, preserve and advance the rights and interests of Plaintiffs by possessing and exercising the degree of care, skill, and learning which other reasonable and competent lawyers would be expected to possess and exercise under the same or similar circumstances. These duties included, but were not limited to, a duty to assist Plaintiffs in receiving their full combined Homestead exemption pursuant to SC Code §15-41-30(A)(1)(a), the duties expressly included in the engagement confirmation letter from Defendants to Plaintiffs, to not make and/or accept an offer on Plaintiffs behalf without their knowledge and consent and to document/memorialize such informed consent in the client's file.

42. Defendants failed to meet the minimum standard of care breaching their professional duties to Plaintiffs and otherwise acted in a negligent, grossly negligent, willful, wanton and reckless manner by failing to protect, preserve and advance the rights and interests of Plaintiffs, including but not limited to their failure to obtain the correct Homestead Exemption of $126,465, protect the remaining equity in Plaintiffs primary residence of approximately $194,482.27, and to fully satisfy the domesticated foreign judgment in the approximate amount of $1,968,115.90 and by other such particulars as the evidence in this case may demonstrate.

43. As a direct and proximate result of Defendants breach of professional duties by the actions and omissions as specified herein, Plaintiffs have sustained actual damages as enumerated in paragraph 42 above, consequential, incidental, and special damages in an amount to be determined by the jury at the trial of this case.

44.     In addition to actual, consequential, and incidental damages suffered, Plaintiffs are informed and believe the Defendants reckless, wanton and irresponsible/unprofessional conduct entitles Plaintiffs to an award of punitive damages.

## FOR A SECOND CAUSE OF ACTION

## UNFAIR TRADE PRACTICES AS TO ALL DEFENDANTS

45.     The foregoing factual and jurisdictional allegations are reiterated and realleged as though set forth verbatim.

46.     Defendants engage in trade and/or commerce and are lawyers engaged in the practice of law which is and has been deemed to be within the purview of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §39-5-10 et. seq.

47.     Defendants have violated the Act by engaging in unfair methods of competition and unfair and deceptive acts and practices in the conduct of their trade and/or commerce.

48.     Defendants advertise and expressly "boasts a roster of talented and highly skilled legal professionals" that among its areas of experience is residential real estate transactions where they offer "top-notch" service with a "Client come first approach" and has deceptively failed to perform as promised/required.

49.     Defendants unfair and deceptive acts and promises affect the public interests.

50.     Defendants unfair and deceptive acts and promises have either been repeated of have the potential for repetition.

51.     Defendants unfair and deceptive acts and promises proximately caused damages to Plaintiffs as enumerated in paragraph 42, 43, and 44 above.

52. Defendants unfair and deceptive acts and promises were willful in that Defendants knew or should have known that their conduct was in violation of the South Carolina Unfair Trade Practices Act and such that Plaintiffs are entitled to recovery of treble damages and reasonable attorney fees.

53. As a direct and proximate result of Defendants unfair trade practices by the actions and omissions as specified herein, Plaintiffs sustained actual, consequential, incidental, special damages, in an amounts enumerated above and that are to be determined by the jury at the trial of the case.

## PUNITIVE DAMAGES

54. As a result of the conduct of the Defendants being willful, wanton, malicious and/or with a reckless disregard for Plaintiffs rights along with their failure to render services with the degree of skill, care, knowledge, and judgment possessed and exercised by members of the profession, Plaintiffs are informed and believe that they are entitled to punitive damages in an amount to be determined by a jury and as allowed by law.

## TRIAL BY JURY

55. Plaintiffs demand a jury trial on all claims and issues so triable.

## EXPERT AFFIDAVIT

56. Pursuant to S.C. Code Ann. § 15-36-100(B), attached hereto and incorporated herein as **Exhibit 1,** is the affidavit of William O. Higgins, Esq., an expert witness and lawyer licensed to practice law in South Carolina, which specifies at least one negligent act or omission claimed to exist and the factual basis for each claim based on the available evidence at the time of the filing of the affidavit.

## PRAYER FOR RELIEF

57.     **WHEREFORE,** Plaintiffs pray for a judgment against Defendants, jointly and severally, for all actual, consequential, special, statutory, incidental and punitive damages along with prejudgment interest, legal fees and costs where applicable, all in an amount to be more specifically proven at trial, and for any other and further relief as this Court may deem just and proper.

Respectfully Submitted

/s/Michael G. Matthews
Michael Matthews
Attorney for Plaintiffs
District Court ID# 10012
2015 Boundary Street
Suite 319
Beaufort, SC 29902
(843) 379-0702
(843)379-0703 fax
Matthews.michaelg@gmail.com

Date: October 21, 2021